Filed 02/02/21

STATE OF VERMONT

SUPERIOR COURT
LAMOILLE UNIT

CIVIL DIVISION
DOCKET NO. 51-5-20 Lecv

PARKER & STEARNS, INC., )
      Plaintiff )
       )
  v. )
       )
BESTWAY OF NEW YORK, INC.; )
BLUELINX CORPORATION; IDEAL )
ROOFING COMPANY LIMITED; )
VERMONT WHOLESALE BUILDING )
PRODUCTS, INC.; STATE OF )
VERMONT, DEPARTMENT OF TAXES; )
BROCKWAY-SMITH COMPANY; )
COMMUNITY NATIONAL BANK and )
JOLLIE D. PARKER IRREVOCABLE )
TRUST, )
      Defendants )

## ORDER APPOINTING RECEIVER

This matter came before the Court on Wednesday, January 20, 2021, for a WebEx hearing on

Plaintiff's Amended Motion for Appointment of David Williams of Johnson, Vermont, as Receiver,

pursuant to 11A V.S.A. § 14.31(c). Counsel and parties attending were noted from the bench at

commencement. Based upon the representations of counsel, pleadings, the statutory authority, and no

objections being made, Plaintiff's motion is hereby granted. IT IS HEREBY ORDERED THAT:

1.   David A. Williams ("Receiver), a competent and qualified person, be and hereby is

appointed Receiver of Parker & Stearns, Inc. (hereinafter, "Parker & Stearns") and all of its real and

personal property, both tangible and intangible, located at Railroad Street in Johnson, Vermont, in Eden,

Vermont, and wherever else such property may be situated. The purpose of the Receivership is to sell

the assets of the corporation, pay its debts, and wind up and liquidate the corporation pursuant to Title 11A, Chapter 14, Subchapter 3 of the Vermont Statutes Annotated.

2.  The power and authority of the Receiver are as follows:

a.  To take and receive exclusive and complete custody, control and possession of all Parker & Stearns's property, including the power to negotiate terms and conditions of sale and to give, grant and convey any and all real and personal property of Parker & Stearns upon such terms and conditions as the Receiver finds appropriate to the ultimate dissolution of Parker & Stearns, but any sale shall be subject to prior approval of the Court.

b.  To delegate various administrative and/or management tasks to employees, agents, managers, and accountants in the conduct of this receivership.

c.  To demand that all parties to this proceeding promptly supply the Receiver with accountings of amounts claimed due from Parker & Stearns, a memorandum of their legal positions regarding the priority of their claims as they relate to other Defendants' claims, and such other matters as the Receiver may request. Accountings shall be submitted by notarized affidavit or Covid-19 affirmation.

d.  To employ such employees, agents, managers, accountants, and attorneys as the Receiver deems advisable in the conduct of this receivership, subject to prior approval of the Court.

e.  To procure such credit and loans, whether secured or unsecured, as the Receiver deems advisable in the conduct of the receivership, subject to prior approval of the Court, and to make necessary payments thereon.

f.     To enter into such contracts and agreements on behalf of Parker & Stearns as the Receiver deems advisable in the conduct of the receivership to further the purpose of the receivership, subject to all terms of this Order.

g.     To incur such expenses and make such disbursements as may be necessary for the care and maintenance of Parker & Stearns' property.

h.     To make such payments as may be necessary for the preservation of the Parker & Stearns' property, but payment of the principal on any debts shall require prior approval of the Court.

i.     To institute, prosecute, defend, intervene in, become a party to, negotiate compromises or settlements in legal actions in which Parker & Stearns or the Receiver are a party, as are, in the Receiver's opinion, necessary or proper to preserve or protect the Parker & Stearns property, but the Receiver shall not finalize settlements without prior approval of the Court.

j.     To recover monies, damages, and/or insurance proceeds due to Parker & Stearns or the Receiver, or to carry out the terms of this Order, whether such cases and proceedings are now pending or hereafter brought by or against the Receiver or Parker & Stearns, in state or federal courts, administrative agencies or other forums.   The Receiver may also waive any attorney/client privilege or other privilege held by Parker & Stearns, its directors and/or its officers in their official capacities. The Receiver shall not hire counsel without prior Court approval except for the purpose of representation in routine sales of real estate or assets.

k.     To obtain from Parker & Stearns, its present and former directors, officers, accountants and/or attorneys, forthwith and without delay, any and all documents, books, accounts, records, or other information or property pertaining to corporate affairs of Parker &

Stearns in their respective possession, custody or control, including without limitation, copies of all electronic mail ("email") transmission and receipts. Transmission to the Receiver of documents and/or emails subject to Parker & Stearns's attorney/client privilege shall not constitute a waiver of the Parker & Stearns attorney/client privilege.

l. The email accounts of Parker & Stearns constitute intangible personal property subject to the Receiver's authority and control. Therefore, the Receiver has the power and authority to obtain from Parker & Stearns, its present and former directors and/or officers, forthwith and without delay, a list of each and every email account pertaining to Parker & Stearns, together with the user names and passwords associated with each and every email account so identified.

m. Except as otherwise set forth herein, to otherwise perform all duties and obligations of Parker & Stearns' Board of Directors pursuant to the authority and power of that Board as defined by Parker & Stearns' governing documents and pertinent law.

n. The Receiver may not convey real estate, sell assets, distribute sales proceeds, or transfer other assets of Parker & Stearns without prior approval of the Court. Real estate conveyances shall be signed by the Receiver on behalf of Parker & Stearns, and shall acknowledge that the conveyance was pursuant to receivership Order and upon Court approval.

3. Before David A. Williams enters on his duties as Receiver, he shall take an oath as required by law and post a bond to be approved by this Court, conditioned for the faithful performance of the trust reposed in him, and in the sum of Seven Hundred Fifty Thousand Dollars ($750,000) payable to the Lamoille Civil Division of the Vermont Superior Court, to all parties to this cause and their successors and assigns and to all persons having a claim in or against Parker & Stearns and its property.

4. The Receiver shall have such immunity and protection as is set forth by the Vermont Supreme Court in *Lyman v. Central Vermont R. Co.,* 59 Vt. 167 (1887).

5. Copies of communications between the Receiver and the Court shall be served on all parties to this proceeding, verified by a Certificate of Service. Such materials and disclosures may be sent electronically. The Receiver shall be a party to the case and shall be served with all filings, verified by a Certificate of Service. Parker and Stearns shall remain as a party in the case but subject to the terms of this Order.

6. The appointment shall take effect upon the taking of the oath by the Receiver on the record and the filing of the Receiver's bond, which shall be filed promptly after the oath.

7. Within 30 days of his appointment, the Receiver shall file with this Court an inventory/report of all Parker & Stearns' assets and liabilities, the status of any real property under contract pending sale, and the projected income and expenses of Parker & Stearns for the calendar year 2021. Starting April 15, 2021, the Receiver shall submit written status reports on the 15th of each April, July, October, and January, regarding the preceding calendar quarter summarizing actions that he has undertaken during the preceding quarter in furtherance of his duties. These reports shall include a narrative of significant actions, real estate closings, a financial statement, and an accounting of expenses. The parties have fourteen (14) calendar days to file any objections. The Receiver may file additional reports at other times in his discretion. As to any report, if no objection is filed, the Court may approve the report without hearing.

8. The Receiver is entitled to compensation for services at the billing rate of $150 per hour. The Receiver shall maintain detailed time and billing records for services and expenses, which shall be submitted monthly for Court approval prior to payment. Any party may file an objection within 14 calendar days.

9.     Once all the real estate is sold, within 30 days the Receiver shall submit an Application for a Decree of Dissolution pursuant to 11A V.S.A. §14.33 and a Special Report with an accounting of remaining assets and liabilities, and identification of tasks remaining to complete dissolution, together with a projected timetable.

10.     Although it is anticipated that the process of dissolution will take approximately a year, this appointment will remain in effect until further Order of the Court.

Electronically signed pursuant to V.R.E.F. 9(d) on February 2, 2021 at 9:05 AM.

Mary Miles Teachout
Superior Court Judge